UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EUSTACIO FLORES and FREDRIC A. WILSON, | Case No. 15-CV-3878 (PJS/TNL) |
| Plaintiffs, | |
| v. | ORDER |
| STIO ROOFING AND CONSTRUCTION, L.L.C., a limited liability company organized under Chapter 322B of the Minnesota Statutes and Sued within one year of its termination under Minn. Stat. § 322B.863; and CARMJOHN DESTEFANO, an individual and sole owner, manager, and operation of STIO Roofing and Construction, L.L.C., | |
| Defendants. | |

Peter J. Nickitas for plaintiffs.

Plaintiffs Eustacio Flores and Fredric Wilson are former sales representatives for defendant Stio Roofing and Construction, L.L.C. ("Stio"). Plaintiffs brought this action under 42 U.S.C. § 1981, alleging that Stio and its owner and manager, defendant Carmjohn DeStefano, discriminatorily terminated their contracts and failed to pay them earned commissions.

Defendants are in default. ECF No. 19. The Court earlier granted plaintiffs' motion for default judgment as to Flores's claims but deferred entry of judgment to

allow Wilson additional time to submit evidence in support of his damages claims. ECF No. 24. Wilson has now submitted such evidence, ECF No. 28, and plaintiffs have also moved for attorney's fees and costs, ECF No. 25.

Having reviewed plaintiffs' submissions, the Court finds that Wilson has submitted sufficient evidence to support his claim for unpaid commissions in the amount of $81,753.77 and emotional-distress damages in an equal amount. Although direct evidence of the extent of Wilson's emotional-distress damages is thin, the Court found Flores's testimony with respect to such damages convincing and the Court can reasonably infer that Wilson suffered similar emotional distress. As with Flores, however, the Court finds insufficient support for an award of punitive damages. *See Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1034 (8th Cir. 2013) (to recover punitive damages under 42 U.S.C. § 1981, a plaintiff must show that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights). Finally, the Court finds that, under 42 U.S.C. § 1988(b), plaintiffs are entitled to attorney's fees and costs in the requested amount of $3,435.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for attorney's fees and costs [ECF No. 25] is GRANTED.

2. Defendants are jointly and severally liable for the following:

   a. To plaintiff Eustacio Flores for unpaid commissions in the amount of $65,873.80.

   b. To Flores for emotional-distress damages in the amount of $65,873.80.

   c. To plaintiff Fredric Wilson for unpaid commissions in the amount of $81,753.77.

   d. To Wilson for emotional-distress damages in the amount of $81,753.77.

   e. For attorney's fees of $2,950 and costs of $485.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 23, 2017            s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge